Patrick J. Murphy, WSB No. 5-1779
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Ste. 400
P.O. Box 10700
Casper, WY 82602
Tel: 307.265.0700
Fax: 307.266.2306
Email: pmurphy@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JUNE LOUISE TILLMAN and CATHY ANN LUCAS, Co-Wrongful Death Representatives for ELAINE J. TILLMAN, Deceased,<br><br>    Plaintiffs<br><br>v.<br><br>RIVERTON MEMORIAL HOSPITAL, LLC,<br><br>    Defendant. | Civil No. 21-cv-138-S |

## ANSWER

COMES NOW Defendant Riverton Memorial Hospital, LLC d/b/a SageWest Health Care-Lander ("SageWest"), through its counsel, and for its Answer to Plaintiffs' Complaint states as follows:

1. SageWest admits the allegations in Paragraph 1 of Plaintiffs' Complaint.

2. SageWest is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3. Answering Paragraph 3, SageWest admits that Cathy Lucas and June Tillman are the natural daughters of the decedent, Elaine Tillman, and SageWest also admits that Kenneth SunGoes Slow, Jr. was the natural son of Elaine Tillman, and that Kenneth SunGoes Slow, Jr. predeceased his mother. Defendant SageWest is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 (a)-(e), and therefore deny the same.

4. Answering Paragraph 4, SageWest admits that Elaine J. Tillman was fatally injured in a sudden, unexpected, and unforeseeable attack from another hospital patient, in her Emergency Department room shortly after 9:00 a.m. on Thursday, November 26, 2020, at SageWest Health Care-Lander. SageWest admits the allegation, in the second sentence of Paragraph 4, that Mrs. Tillman was attacked by another hospital patient, but SageWest denies that the other hospital patient had dangerous and violent tendencies, and SageWest denies that any such dangerous and violent tendencies, which tendencies are denied, were known or should have been known by Defendant Riverton Memorial Hospital, LLC d/b/a SageWest Health Care-Lander. SageWest admits the allegation in the third sentence of Paragraph 4, to wit: Mrs. Tillman was life flighted to the University of Utah where she succumbed to her injuries on or about December 9, 2020. Answering the allegation in the fourth sentence of Paragraph 4, SageWest admits that at the time of her death, Elaine Tillman was a resident of Fort Washakie, Fremont County, Wyoming. On information and belief, SageWest believes Mrs. Tillman was an Eastern Shoshone.

5. Answering the multiple allegations in Paragraph 5 of the Complaint, SageWest responds as follows. SageWest admits the allegations in the first sentence of

Paragraph 5.  SageWest Health Care-Lander is a trade name for a hospital that is wholly owned, operated and controlled by Riverton Memorial Hospital, LLC, a limited liability company formed under Delaware laws. SageWest denies the allegation in the second sentence that "Riverton Memorial Hospital, LLC is a subsidiary of LifePoint Health, Inc., formerly LifePoint Hospitals, Inc. (the predecessor entity of former name of LifePoint Health, Inc.)."  SageWest admits the allegations in the third sentence of Paragraph 5, to wit:  "LifePoint Health, Inc. is a Delaware corporation and it is not authorized to conduct business operations in the state of Wyoming," nor has it ever been authorized to, or actually conducted business operations, in the state of Wyoming.  SageWest denies the allegations in the fourth sentence of Paragraph 5 of the Complaint, to wit, that "upon information and belief, LifePoint Health, Inc. (LifePoint) owned, controlled, and operated Riverton Memorial Hospital, LLC (Riverton Memorial)."  SageWest denies all the allegations in the fifth sentence of Paragraph 5 of the Complaint, to wit, that "the chief executive officer of Riverton Memorial was selected by LifePoint; LifePoint selected the Members of the Board of Trustees of Riverton Memorial and those trustees were terminable by LifePoint; the Hospital Support Center of LifePoint provided administrative control of Riverton Memorial."  Answering the allegations in the sixth sentence of Paragraph 5, SageWest admits that LifePoint Health, Inc. has subsidiary entities, but SageWest is without information sufficient to form a belief as to the remaining allegations in the sixth sentence of Paragraph 5, and therefore denies the same.  SageWest avers that LifePoint Health, Inc. is a holding company with no employees.  LifePoint Health, Inc. has no control or supervisory role with the health care services provided to patients at SageWest-Lander.

SageWest denies each and every allegation in the last sentence of Paragraph 5 of the Complaint. SageWest denies any allegation in Paragraph 5 of the Complaint that is not specifically admitted above.

## II.     JURISDICTION

6. Answering Paragraph 6, SageWest admits the allegations in the first sentence therein, to wit, that "this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship." SageWest is without information sufficient to form a belief as to the allegations in the second sentence of Paragraph 6, and therefore denies the same.

7. Answering Paragraph 7, SageWest admits that Plaintiffs are seeking more than $75,000 in damages in this wrongful death suit, but SageWest denies every other allegation in Paragraph 7 of the Complaint.

## III.    VENUE

8. Answering Paragraph 8, SageWest admits that venue is proper in the District of Wyoming.

9. Answering Paragraph 9, SageWest admits that this case arises from a sudden, unexpected, unforeseeable, and violent attack on one hospital patient by another hospital patient at SageWest Health Care-Lander in Fremont County, Wyoming.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. SageWest admits the allegations in Paragraph 10 of the Complaint ("Mrs. Tillman was a patient at SageWest Health Care-Lander on November 26, 2020 – Thanksgiving Day as well as her birthday").

11. Answering Paragraph 11, SageWest admits that Mrs. Tillman was assigned to one of the six rooms within the SageWest-Lander Emergency Department, but SageWest denies the allegation that Mrs. Tillman "was across the hall from a room the Hospital had assigned to a psychiatric patient who had a history of violence." SageWest avers that their two rooms were next to each other, not across the hall from each other, and the person who attacked Mrs. Tillman was not a psychiatric patient with a history of violence.

12. SageWest denies each and every allegation in Paragraph 12 of Plaintiffs' Complaint.

13. SageWest generally denies the allegations in Paragraph 13 of Plaintiffs' Complaint. SageWest-Lander avers that it was not understaffed in its Emergency Department, and the assailant was reasonably monitored and supervised. SageWest is not a jail and does not handcuff or leg shackle patients. The patient who later assaulted Mrs. Tillman made no violent threats against Mrs. Tillman, and had not previously acted in an aggressive or violent manner toward anyone – either male or female staff, visitors, or other patients – during his approximate 32-hour stay at SageWest-Lander. The patient who assaulted Mrs. Tillman had no criminal history, and no known prior psychiatric hospitalization. The actions of the patient who assaulted Mrs. Tillman were sudden, unexpected, and unforeseeable.

14. Answering Paragraph 14, SageWest admits that Mrs. Tillman was life-flighted to the University of Utah on November 26, 2020, and that she died as a consequence of the injuries she suffered in this assault. SageWest has not yet seen the

Autopsy, and is thus without information sufficient to form a belief as to the truth of the allegation that the Autopsy lists the cause of death as "Homicide."

15. SageWest denies each and every allegation in Paragraph 15 of Plaintiffs' Complaint.

### V.    FIRST CLAIM FOR RELIEF:  NEGLIGENCE

16. Answering Paragraph 16, SageWest incorporates and restates all of its admissions and denials in Paragraphs 1-15 above in response thereto.

17. The allegations in Paragraph 17 are assertions of law, not assertions of facts, and SageWest is not obligated to respond to such assertions of law. If SageWest is required to respond to the allegations in Paragraph 17, they are denied. The allegations in Paragraph 17 do not accurately state SageWest's applicable duty of care in these circumstances.

18. SageWest denies the allegation in Paragraph 18 of the Complaint. SageWest avers it complied with its duty of care.

19. SageWest denies each and every allegation in Paragraph 19 of Plaintiffs' Complaint. SageWest affirmatively asserts that Mrs. Tillman's death was caused by the sudden, unexpected and unforeseeable actions of the one who assaulted her.

20. SageWest denies the allegation in Paragraph 20 of Plaintiffs' Complaint.

21. SageWest denies the allegation in Paragraph 21 of Plaintiffs' Complaint. SageWest and its Emergency Department physicians, nurses and staff complied with their applicable duty of care to Mrs. Tillman.

22. SageWest denies each and every allegation in Paragraph 22 of Plaintiffs' Complaint.

## VI.   SECOND CLAIM FOR RELIEF: NEGLIGENT PLANNING, SUPERVISION, AND MONITORING

23. Answering Paragraph 23, SageWest incorporates and restates all of its admissions and denials in Paragraphs 1-22 above in response thereto.

24. The allegations in Paragraph 24 are assertions of law, not assertions of facts, and SageWest is not obligated to respond to such assertions of law.  If SageWest is required to respond to the allegations in Paragraph 24, they are denied.  The allegations in Paragraph 24 do not accurately state SageWest's duty of care in these circumstances.

25. SageWest denies the allegation in Paragraph 25 of Plaintiffs' Complaint. SageWest avers it complied with its duty of care.

26. SageWest denies each and every allegation in Paragraph 26 of Plaintiffs' Complaint.

27. SageWest denies each and every allegation in Paragraph 27 of Plaintiffs' Complaint.

28. SageWest denies each and every allegation in Paragraph 28 of Plaintiffs' Complaint.  SageWest and its administration, Emergency Department physicians, nurses, and staff complied with their applicable standard of care to Mrs. Tillman.

29. SageWest denies each and every allegation in Paragraph 29 of Plaintiffs' Complaint.

## VII.   DAMAGES

30. Answering Paragraph 30, SageWest incorporates and restates all of its admissions and denials in Paragraphs 1-29 above in response thereto.

31. SageWest denies each and every allegation in Paragraph 31 and 31(a)-(f) of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Riverton Memorial Hospital, LLC d/b/a SageWest Health Care-Lander ("SageWest"), and for its affirmative defenses to Plaintiffs' Complaint states as follows:

32. Plaintiffs' Complaint fails to state a claim against SageWest upon which relief can be granted.

33. Plaintiffs' recovery against SageWest, which recovery is denied, is barred, precluded or minimized by the comparative fault provisions in WYO. STAT. § 1-1-109.

34. The wrongful conduct of the man who assaulted Mrs. Tillman is not attributable to SageWest, and SageWest is not legally liable for the assailant's tortious misconduct pursuant to WYO. STAT. § 1-1-109.

35. The tortious conduct of other persons or entities not associated with SageWest is not attributable to SageWest, and SageWest is not legally liable for those persons' or entities' negligence pursuant to WYO. STAT. § 1-1-109.

36. Plaintiffs' claim for punitive damages should be dismissed because there is a lack of a sufficient due process standard governing punitive damage awards in Wyoming. This violates due process under the Fourteenth Amendment of the United States Constitution, and Article I, Sections 6 and 34, of the Wyoming Constitution. Additionally, the imposition of punitive damages violates Article I, Section 7 of the Wyoming

constitution, and any award of punitive damages which is excessive further violates the due process clauses of both Constitutions and, as such, are void and unenforceable.

37. If any punitive damages are awarded against SageWest, which they should not be, any punitive damages award is limited to a 1:1 ratio with any compensatory damages pursuant to *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041 (10th Cir. 2016).

38. SageWest retains the right to amend its Answer and assert additional affirmative defenses following commencement of discovery.

WHEREFORE, Defendant Riverton Memorial Hospital, LLC prays that Plaintiffs take nothing on their Complaint, that Plaintiffs' Complaint be dismissed, that judgment be entered in favor of Defendant and against Plaintiffs, that Defendant recover its costs, and for such other and further relief as the Court deems just and proper.

DATED this 24th day of August, 2021.

                                      RIVERTON MEMORIAL HOSPITAL, LLC,

                                      Defendant

BY:   /s/Patrick J. Murphy
        Patrick J. Murphy, W.S.B. # 5-1779
        WILLIAMS, PORTER, DAY & NEVILLE, P.C.
        159 North Wolcott, Suite 400
        P.O. Box 10700
        Casper, Wyoming 82602
        (307) 265-0700 (Telephone)
        (307) 266-2306 (Facsimile)
        Email: pmurphy@wpdn.net

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 24th day of August, 2021.

| | |
|---|---|
| Robert P. Schuster, WSB No. 4-1137<br>Bradley L. Booke, WSB No. 5-1676<br>ROBERT P. SCHUSTER, P.C.<br>P.O. Box 13160<br>Jackson, WY 83002<br>Ph.: 307-732-7800<br>Email: bob@bobschuster.com<br>         brad@bobschuster.com | [   ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[   ]   Overnight Delivery<br>[   ]   Hand Delivery<br>[   ]   Electronic Mail |

                              /s/Patrick J. Murphy
                              Patrick J. Murphy