Thomas W. Rumpke, WSB No. 6-2974
Patrick J. Murphy, WSB No. 5-1779
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Ste. 400
P.O. Box 10700
Casper, WY 82602
Tel: 307.265.0700
Fax: 307.266.2306
Email: pmurphy@wpdn.net
       trumpke@wpdn.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JUNE LOUISE TILLMAN and | ) | |
| CATHY ANN LUCAS, Co-Wrongful | ) | |
| Death Representatives for ELAINE J. | ) | |
| TILLMAN, Deceased, | ) | Civil No. 21-cv-138-S |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVERTON MEMORIAL HOSPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

### DEFENDANT RIVERTON MEMORIAL HOSPITAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

---

COMES NOW Defendant Riverton Memorial Hospital, LLC d/b/a SageWest Health Care-Lander ("SageWest"), through its counsel, and in support of its Motion for Partial Summary Judgment filed herewith submits the following:

## I.      <u>UNDISPUTED MATERIAL FACTS</u>

June Louise Tillman and Cathy Ann Lucas (herein collectively "Representatives") are Elaine Tillman, the decedent's, daughters.  Pursuant to Wyo. Stat. Ann. § 1-38-102, they were appointed the Wrongful Death Representatives for Elaine Tillman.  (Compl. at ¶ 2; Answer at ¶ 2).

They allege that Elaine Tillman was "fatally injured in an attack on November 26, 2020 while she was a patient at SageWest  . . . ." (Compl. at ¶ 4).  SageWest admitted that "Elaine Tillman was fatally injured in a sudden, unexpected, and unforeseeable attack from another hospital patient in her Emergency Department room shortly after 9:00 a.m. on Thursday, November 26, 2020, at SageWest Health Care-Lander."  (Answer at ¶ 4).  The Complaint further alleges, and SageWest admitted, that "Mrs. Tillman was life-flighted to the University of Utah" and that she "died as a consequence" of the November 26, 2020 occurrence.  (Compl. at ¶ 14; Answer at ¶ 14).

The Representatives filed a wrongful death lawsuit and generally pled wrongful death type damages.  (Compl. at ¶ 31).[1]  However, they also sought hedonic damages, i.e., damages for the value of Mrs. Tillman's life. (Compl. at ¶ 31.d).  In their responses to Requests for Production, the Representative made clear that they also sought to recover special damages in this case.   In particular, the Representatives seek to recover Mrs.

---

[1] The Co-Wrongful Death Representatives seek punitive damages.  The Defendant submits that punitive damages are not recoverable in this case because the Representatives cannot show willful or wanton misconduct on the part of the Defendants.  However, that issue is not addressed in the instant motion for partial summary judgment.

Tillman's final medical expenses.[2]   To that end, the Representatives have recently petitioned the probate court to appoint them as "Co-Administrators" of Mrs. Tillman's estate.[3]  The stated purpose for the appointment of the Co-Administrators is "to amend their complaint to permit the recovery of special damages on behalf of the Estate of Elaine J. Tillman, deceased."[4]

The Representatives produced a "Medical Expense Summary" claiming $497,586.88 in final medical expenses.[5]  In support of their claims for Mrs. Tillman's final medical expenses, the Representatives produced numerous "itemizations" detailing the charges for her care at the University of Utah following the fatal attack by Patrick Rose that resulted in her death.[6]  None of these documents are medical bills.

Regardless, the itemizations provide some insight as to the amount Medicare actually paid.  For example, SageWest Exhibit 5 (MEDB.UUH 000001 – 000029) details over $270,000 in total charges, but also reflects Medicare paid the hospital only $72,548.67 as full payment for those services.  (*See* SageWest Depo Ex. 5 at 29 (MEDB.UUH 000029). In all, Medicare paid only $85,962.61 of the almost $500,000.00 claimed in the

---

[2] Attachment A, SageWest Depo. Ex. 109, *Responses to Riverton Memorial Hospital, LLC, d/b/a SageWest Health Car's Rule 34 Requests for Production of Documents,* Request 3 at pp. 4-5.

[3]  Attachment B, Petition to Appoint June Louise Tillman and Cathy Ann Lucas as Special Co-Administrators of the Estate of Elaine June Tillman, Deceased

[4]  Attachment B at ¶ 4

[5]  Attachment C, SageWest Depo. Ex. 4.

[6] Attachment D, SageWest Depo. Exs. 5, Medical Itemization from the University of Utah, MEDB.UUH 000001 – 000029.

Representatives' Medical Expense Summary.  The Co-Personal Representative had never seen the itemizations before their depositions.[7]  Perhaps even more importantly, there is no evidence that anyone from Mrs. Tillman's family paid any of her final medical expenses.[8]

## II.   <u>APPLICABLE LAW</u>

### (A)      <u>Standard of Review</u>

Fed. R. Civ. P. 56 provides for partial summary judgment by allowing "[a] party [to] move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P. 56(a).  Federal procedural law allows partial summary judgments. *Ashcraft v. Walmart, Inc.*, No. 18-CV-151-F, 2019 WL 7834761, at *2 (D. Wyo. Sept. 16, 2019).

"A request for partial summary judgment can serve a useful brush-clearing function even if it does not obviate the need for a trial." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 606 (7th Cir. 2015).  As one court put it, one purpose of a partial summary judgment order is "to streamline the litigation process by narrowing the triable issues." *Nautilus Ins. Co. v. Heartland Builders, LLC*, 526 F. Supp. 3d 914, 928 (D. Kan. 2021); *accord  D'Iorio v. Winebow, Inc.*, 68 F. Supp. 2d 3d 334, 356 (E.D.N.Y. 2014).  In that regard, partial summary judgment is a valuable tool for eliminating damage claims that have no factual or legal basis. *See Ashcraft, supra; Adams v. Jones Paint & Glass, Inc.*, No. 11-CV-262-F, 2012 WL 8749215, at *7 (D. Wyo. June 6, 2012)

---

[7]  Attachment E (Cathy Lucas Depo. Tr.) at pp. 19, ln. 6-19; 20, ln. 18-23)

[8]  Attachment E (Cathy Lucas Depo. Tr.) at pp. 21-22, ln. 23-25, 1-11; pp. 28-29, ln. 2-25, 1-6pp. 29-30, ln. 23-25, 1-10.

Still, a motion for partial summary judgment is subject to the same standard of review as a motion for complete summary judgment. *Phillips & Jordan, Inc. v. Erosion Control Applications, Inc.*, No. 19-CV-6-F, 2021 WL 2944902, at *1 (D. Wyo. May 19, 2021). In *Phillips & Jordan,* this Court explained the familiar standard applicable to motions for summary judgment:

> The Court shall grant a motion for summary judgment if the movant has demonstrated that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. This standard requires more than the mere existence of some alleged factual dispute between the parties. Rather, it requires "there be no genuine issue of material fact. A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented. . . .

> On a motion for summary judgment, [the trial court] examine[s] the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party, without making credibility determinations or weighing the evidence. Initially, the moving party has the burden of production and the burden of establishing that summary judgment is appropriate as a matter of law. If the movant does so, the nonmovant must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

*Id.* (internal quotation marks and citations omitted).

**(B)**     **Wyoming's Wrongful Death Statutes and Applicable Case Law**

Since this is a diversity action, Wyoming law regarding wrongful death applies. *Moreno v. Zimmerman*, No. 20-CV-86-NDF, 2021 WL 7210162, at *3 (D. Wyo. Feb. 25, 2021) (*citing Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 930 (10th Cir. 2018). At common law, "actions for personal injuries, including wrongful death, did not survive" the death of the claimant. *DeHerrera v. Herrera*, 565 P.2d 479, 481 (Wyo. 1977), *citing Mull v. Wienbarg*, 212 P.2d 380 (Wyo. 1949); *Coliseum Motor Co. v. Hester,*

3 P.2d 105 (Wyo. 1930); 105; and *Tuttle v. Short*, 288 P. 524 (Wyo. 1931).  Therefore, "no remedy existed for wrongful death." *Coliseum Motor*, 3 P.2d at 107.  At common law, "the rule was that the life of a free man could not be made the subject of valuation." *Id*. at 106. This "much criticized rule made it more profitable for a defendant to kill Plaintiff than to injure him." *Saffels v. Bennett*, 630 P.2d 505, 511 (Wyo. 1981).

In 1846, the English Parliament passed what is known as Lord Campbell's Act to abrogate the common law by providing a remedy for certain relatives of the person wrongfully killed.  Wyoming enacted its first wrongful death statute in 1871.  In 1931, the Wyoming Supreme Court explained that this law was similar to the original Lord Campbell's Act, and therefore, was not a survival, or continuation statute.  Rejecting a claim that Wyoming's Wrongful Death Statute was a survival act, Justice Blume opined:

> In 1846, the English Parliament passed what is known as Lord Campbell's Act . . . a law similar thereto has been enacted in nearly every state of the Union.  We enacted our law on the subject in 1871, an almost exact copy of the West Virginia law on the subject . . . It is the theory of the appellant that the [Wyoming Wrongful Death] statute in question is a survival act.  By that is ordinarily meant a statute which merely preserves and continues the right of action the deceased had prior to his death . . . We cannot agree with appellant's argument.  It flies directly in the face of the express provisions of the [Wyoming Wrongful Death] statute . . . The foundation of the action is the wrongful act of the defendant which resulted in death.  No remedy existed at common law.  The statute was intended to make a change . . . it is the damage, the loss to the survivors, which is to be compensated.

*Coliseum Motor*, 3 P.2d at 106, 107, 108.

In rejecting the argument that Wyoming's Wrongful Death Act allowed an action to continue, but instead created a new cause of action in favor of certain survivors, Justice Blume's decision started Wyoming jurisprudence on a series of cases highlighting the

important differences between the two types of claims.  *See* 12 Am. Jur. Trials 317, *Wrongful Death Actions,* §§ 4, 5 (explaining the difference between true Lord Campbell-type wrongful death statutes and continuation statutes).

### (1)    *Wrongful Death Proceeds Are Not Part Of The Decedent's Estate, And Therefore, Not Subject To Creditor Claims.*

The Wrongful Death Act says that "no debt of the decedent may be satisfied out of the proceeds of any judgment obtained in any action for wrongful death or out of the proceeds of any settlement of a wrongful death claim."  Wyo. Stat. Ann. § 1-38-102(b).  Our high court explained this difference between survival actions and a claim under the Wrongful Death Act.  In wrongful death actions:

> The amount recovered does not become a part of the decedent's estate and it is not liable for debts of the estate or subject to estate administration.

> On the other hand, a survival statute permits recovery by the decedent's personal representative on behalf of the estate; the prime difference between survival and wrongful death statutes is that the survival statute merely continues a cause of action in existence.  The injured party's claim after death is an asset of the estate while the wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider.

*DeHerrera*, 565 P.2d at 482 (internal citations omitted).

### (2)    *Since The Wrongful Death Act Creates A New, Separate Claim, Only Statutorily Authorized Damages Are Recoverable.*

Under the Wrongful Death Act, statutory beneficiaries are entitled to recover only statutorily authorized damages, namely "pecuniary and exemplary [damages], as shall be deemed fair and just . . . including damages for loss of probable future companionship, society and comfort."  Wyo. Stat. Ann. § 1-38-102(c).  Consequently, personal injury

damages are not recoverable.  For example, in *Edwards v. Fogarty,* the Wyoming Supreme

Court distinguished the claims as follows:

> The claim for wrongful death and the underlying personal injury claim are
> separate and distinct.  A wrongful death plaintiff sues for his own 'injury'
> caused by the death of the decedent, not the injury to the decedent.  The
> wrongful death action cannot arise and the statutory beneficiaries can take no
> action with respect to their claim until after the death occurs . . . . The
> damages available to the injured party in a personal injury action include
> recovery for the injured party's economic and non-economic losses.
> ***Personal injury damages are not recoverable in a wrongful death action***.

*Edwards v. Fogarty,* 962 P.2d 879, 883, 884 (Wyo. 1998) (internal quotation marks and

citations omitted and emphasis added).

In *Knowles v. Corkill*, writing for a unanimous court, Justice Golden re-affirmed

what Justice Blume decided in *Coliseum Motor*.  *Knowles,* 2002 WY 119, 51 P.3d 859

(Wyo. 2002).  Observing that "any feelings of abandonment suffered by the children must

be categorized as mental anguish[,]"  Justice Golden noted "the difference between the loss

of probable future companionship, society and comfort, which is compensable, and mental

anguish, which is not compensable. . ." is that the "loss of probable future companionship,

society and comfort entails the loss of positive benefits, while mental anguish represents

an emotional reaction to the wrongful death." *Knowles*, 51 P.3d at 863.

Moreover, in *Knowles* the Supreme Court held it was for the Legislature, not the

courts, to decide what damages are recoverable under a wrongful death claim.  As Justice

Golden explained:

> From judicial interpretation to statute, the law in Wyoming is firmly set that
> no recovery is allowed in a wrongful death action for mental anguish.
> Because wrongful death actions, including compensable damages, are
> governed by statute, it is the province of the legislature to alter the existing

> law. We have no authority to substitute our views for those expressed by the Wyoming legislature in a duly enacted statute. ***The measure of damages is set by statute to exclude damages for mental anguish and we are not at liberty to extend the statutorily proscribed remedies.*** *It is a universal rule that courts will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions.* Appellant therefore asks more than we can grant. Because damages for mental anguish are not recoverable in a wrongful death action, and because feelings of abandonment clearly constitute mental anguish, the proffered testimony was properly excluded.

*Knowles*, 51 P.3d at 865 (internal quotation marks and citation omitted and emphasis added); *see Ivey v. Ivey*, 378 So. 2d 1151, 1152 (Ala. Civ. App. 1979) (since alimony, like wrongful death, did not exist at common law and is a creation of statute, the court held that "[w]hat the legislature giveth, it may taketh away" when it came to limiting alimony).

In *Parsons v. Roussalis,* the Wyoming Supreme Court concluded that beneficiaries could only recover damages stemming from wrongful death when the tortious conduct results in death. *Parsons*, 488 P.2d 1050, 1052 (Wyo. 1971). Therefore, the Court concluded that "pain and suffering of the decedent, according to the words of the statute, hav[e] no part in establishing damages" under Wyoming's Wrongful Death Act. *Id.*

Most recently, the Wyoming Supreme Court succinctly explained the interplay between survival claims and wrongful death claims. *Gaston v. Life Care Centers of Am., Inc.*, 2021 WY 74, 488 P.3d 929 (Wyo. 2021). The *Gaston* Court explicitly, and categorically, identified which damages are recoverable in each type of action:

> When a decedent is injured by the wrongful conduct of the defendant ***but dies of another cause*** before being compensated for his injuries, the decedent's estate can maintain a survival action. ***The damages recoverable in a survival action include those to which the decedent would have been entitled to had he lived, such as his medical expenses, lost wages, and pain and suffering***. Because a survival claim belongs to the estate, the proceeds are available to the decedent's creditors.

> Conversely, when a person dies as a result of injuries inflicted by another, the cause of action is limited to one for wrongful death. The wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider.  Under § 1-38-102(c), ***wrongful death beneficiaries are entitled to recover fair and just pecuniary and exemplary damages, including damages for loss of probable future companionship, society and comfort.***

*Id.* at ¶¶ 19-20, 488 P.3d at 936–37 (internal quotation marks and citations omitted and emphasis added).

### (3)   *When The Conduct Alleged In the Complaint Causes Death, the Personal Representatives May Pursue Only A Wrongful Death Claim.*

Wyoming statutory law and its case law jurisprudence are clear that if tortious conduct causes the death of the decedent, then the survivors are limited to a wrongful death claim under the Wrongful Death Act, not a survival claim.  "Prior to 1947 Wyoming had not provided for the survival of a decedent's action for injuries which caused his death nor for the survival of an action brought by an injured party when the tort-feasor had died." *Parsons v. Roussalis*, 488 P.2d 1050, 1051 (Wyo. 1971).  In 1947, the Legislature enacted what was Section 1-28, and is now Wyo. Stat. Ann. § 1-4-101, which reads:

> ### § 1-4-101.  Causes of action that survive.
>
> In addition to the causes of action which survive at common law, causes of action for mesne profits, ***injuries to the person***, an injury to real or personal estate, or any deceit or fraud also survive.  An action may be brought notwithstanding the death of the person entitled or liable to the same, ***but in actions for personal injury damages, if the person entitled thereto dies recovery is limited to damages for wrongful death***.[9]

---

[9]   According to the *Parsons* decision, the emphasized language was not in the original proposed bill, but was added by Senate amendment, in which the House joined, and to which there were no dissenting votes.  *Parsons*, 488 P.2d at 1052 n. 7.  In 1971, the House introduced a bill to repeal the emphasized language, but the bill failed. *Id.* at n.8.

The 1947 amendment to this section extended the section to personal injuries and added the proviso as to personal injury damages. *See* WYOMING SESSIONS LAWS, 1947, ch. 124, § 1. The language of Wyo. Stat. Ann. § 1-4-101 has remained essentially unchanged since 1947.

In *Robinson v. Pacificorp,* the Wyoming Supreme Court held that "because [the plaintiff] alleges that her husband's death resulted from injuries inflicted by the appellees, her claim is limited to a wrongful death cause of action" under Wyoming's Wrongful Death Act. *Robinson v. Pacificorp,* 10 P.3d 1133, 1140 (Wyo. 2000). Citing the *Parsons* decision as holding that a party may not maintain a personal injury cause of action and a wrongful death cause of action, the Supreme Court noted that "Wyoming's survival statute with its proviso is unique in that it does not allow a complete remedy for wrongful death as in other jurisdictions." *DeHerrera*, 565 P.2d at 483.

Regardless, just last year the Wyoming Supreme Court reaffirmed the import of the unique proviso in Wyo. Stat. Ann. § 1-4-101. In *Gaston,* the Wyoming Supreme Court held that separate survival and wrongful death causes of action can be maintained, but only "when the same defendant commits multiple negligent acts causing separate injuries to the decedent, some non-fatal and others fatal." *Gaston*, ¶ 22, 488 P.3d at 937. Therefore, the Court affirmed the rule since 1947 that "when a person dies as a result of injuries inflicted by another, ***the cause of action is limited to one for wrongful death.***" *Id.* at ¶ 20, 936 (emphasis added).

11

## III.   ARGUMENT

### SUMMARY

It is undisputed that Mrs. Tillman died as a result of the November 26, 2020, attack. Therefore, under Wyo. Stat. Ann. § 1-4-101, the Representatives are limited to pursuing a wrongful death claim.  They may not file a survival action.

Since the Representatives may proceed only under the Wrongful Death Act, the damages recoverable include only damages allowed under Wyo. Stat. Ann. § 1-38-102(c). Wyoming case law is unequivocal that damages under Section 102(c) may not include hedonic damages of the decedent or the decedent's last medical expenses.

Moreover, SageWest and the Representatives admit that Mr. Rose's attack caused Mrs. Tillman's death.   The Representatives further allege that SageWest's alleged negligence caused Mrs. Tillman's death, not that its negligence caused some non-fatal injuries and some fatal ones. Therefore, allowing an amendment to the Complaint whereby the Representatives would bring a survival claim would be futile and improper.

Finally, the Representatives may not claim almost $500,000 in medical expenses. Not only have the Representatives failed to produce any medical bills, the documents provided establish that only about $85,000 was actually paid for the medical services at issue.  Regardless, the law does not allow the Representatives to recover almost $500,000 in medical bills that would be exempt from creditors in their capacity as Wrongful Death Representatives.

**(A)      Wyoming Statutes and Court Decisions Prohibit The**
      **Representatives From Pursuing a Survival Claim**

The plain language of Wyo. Stat. Ann. § 1-4-101 prohibits the Representatives from claiming any personal injury damages in this lawsuit.  The Complaint and Answer establish that the Representatives claim, and SageWest admits, that Mrs. Tillman died as a result of the injuries she suffered during the November 26, 2020 attack by Mr. Rose that occurred in the SageWest Emergency Department. Thus, there is no dispute that Mrs. Tillman died as a result of the conduct that gave rise to what would have been her personal injury claim had she survived.  (*See* Compl. at ¶ 14 and Answer at ¶ 14).

In *Gaston,* the Wyoming Supreme Court clearly explained that under this scenario, the survivors are limited to a wrongful death claim.   Mrs. Tillman died of a single, fatal attack perpetrated by Mr. Rose.  There were not "multiple negligent acts causing separate injuries to the decedent, some non-fatal and others fatal."  *Gaston*, ¶ 22, 488 P.3d at 937. Since there was a single tortious, fatal act, the Representatives' "cause of action is limited to one for wrongful death." *Id.* at ¶ 20, 936 (emphasis added).

Moreover, the Representatives cannot claim that some of Mr. Rose's intentional acts were fatal and some were not to avoid this result.  Even if some of Mr. Rose's intentional conduct was not fatal, the Representatives claim that all of SageWest's negligence was the proximate cause of Mrs. Tillman's death.  (*See* Compl. at ¶¶ 19, 26).  Although SageWest denies it was negligent and affirmatively avers that its negligence was not the cause of Mrs. Tillman's death, the Representatives have claimed that SageWest's actions on November 26, 2020, were a single event, all of which caused Mrs. Tillman's death.  Therefore, the

plain language of Wyo. Stat. Ann. § 1-4-101 applies and the Representatives may only bring a claim for wrongful death.

In 1931, Justice Blume concluded the Wrongful Death Act created a new cause of action for the surviving beneficiaries in derogation of the common law. *Coliseum Motors.* In 1947, the Legislature amended the cause of action to make it the exclusive remedy for personal injuries when the alleged victim dies from the tortious act.   In 2021, a unanimous Supreme Court agreed that when a single event causes a person's death, the surviving beneficiaries are limited to the statutorily created a wrongful death claim. *Gaston, supra.* Therefore, the Representatives may not bring a survival claim against SageWest.

### (B)    Statutes And Case Law Prohibit The Representatives From Recovering for Mrs. Tillman's Personal Injuries, Including Medical Expenses

Wyo. Stat. Ann. 1-38-102(c) expressly limits the Representatives' damages to "pecuniary and exemplary [damages], as shall be deemed fair and just" and may include "damages for loss of probable future companionship, society and comfort."  Wyo. Stat. Ann. § 1-38-102.  From *Coliseum Motor* (1931) through *Gaston* (2021), the Wyoming Supreme Court has consistently held that the Wyoming Wrongful Death Act creates (a) a new cause of action, with (b) different elements of damages than personal injury actions. Furthermore, the Court has held that personal injury damages are not recoverable in a wrongful death action. *See Parsons, Robinson, Knowles, Edwards, Gaston, supra.*

Consistent with all those cases, the Wyoming Civil Pattern Jury Instructions list three elements of damages for wrongful death claims:

1.      The amount each such claimant has failed or will fail to receive from the decedent's earnings, as explained in the following instruction;

2.      The loss of probable future companionship, society and comfort, which shall not include any damages for claimant's mental anguish; and

3.      Any other monetary loss sustained and proved by any of the claimants resulting from the death of the decedent, including funeral expenses and other proper charges.

WCPJI 6.02.

Conversely, the Civil Pattern Jury Instructions list six completely different elements of damages for personal injury claims.  The elements of damages for personal injuries include medical expenses, pain and suffering, and loss of enjoyment of life.  WCPJI 4.01. The case law cited above conclusively demonstrates that the Representatives are entitled to only the damages in Instruction 6.02, and cannot recover any of the damages described in Instruction 4.01.  In fact, Judge Alan Johnson has instructed a jury consistent with that analysis in a wrongful death case.  *See Estate of Randall Williams et al v. JHL&S*, Civil No. 02-CV-16-J and 02-CV-17-J, United States District Court, District of Wyoming (Doc. 564 entered Dec. 16, 2003, at Jury Instruction Nos. 33-37).

In short, Wyo. Stat. Ann. § 1-38-102(c), and the case law interpreting it, make it clear that personal injury-type damages, including medical expenses and Mrs. Tillman's pain and suffering, disability, and loss of enjoyment of life, are not recoverable in a wrongful death action.  Therefore, the Representatives cannot recover personal injury damages in their wrongful death action.

**(C)     Permitting The Representatives To
          Amend Their Complaint Would Be Futile**

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In this case, the Representatives cannot file a survival action because it is undisputed that the tortious conduct caused Mrs. Tillman's death. *See* Part III(A), *supra.* Since they cannot file a survival action, they could only amend their Complaint to add new elements of damages. However, Wyoming statutes and case law establish that they may not recover those additional types of damages in a wrongful death action. *See* Part III(B), *supra.*

Therefore, the Court should deny any attempt by the Representatives to amend their Complaint to include damages that are not recoverable in a wrongful death action, such as medical expenses of the decedent. Such an amendment would be futile because it would be subject to dismissal upon filing.

**(D)     Permitting The Representatives To Recover
          Nearly $500,00 in Medical Expenses Is Improper**

First, as argued in Part III(B), *supra,* medical expenses are not recoverable in a wrongful death action because that are personal injury damages, not wrongful death damages. *See Edwards, Knowles, Parsons,* and *Gaston, supra.* For that reason alone, any recovery of medical expenses must be denied.

More fundamentally, as noted in Part II(B)(i), *supra,* Wyo. Stat. Ann. § 1-38-102(b) and the Wyoming Supreme Court's decision in *DeHerrera,* it is clear that creditors cannot reach any proceeds in a wrongful death action. The evidence is uncontroverted that the

Representatives have never seen, nor paid, any of decedent's medical bills.  In fact, even SageWest still has not seen a medical bill, just an itemization.   Therefore, if the Representatives were to recover for Mrs. Tillman's last medical bills, it would be a complete windfall, which is not the purpose of awarding damages.

## IV.    CONCLUSION

The law in Wyoming may be unique, but it is plain and unequivocal:  in cases like this, where is it undisputed that the tortious conduct resulted in death, the wrongful death beneficiaries are limited to a wrongful death claim.  The legions of cases cited above clearly establish that personal injury damages, including pain and suffering, loss of enjoyment of life, disability, and medical expenses, are not recoverable in a wrongful death action.  The Representatives cannot amend their Complaint to avoid these inconvenient truths.

For these reasons, SageWest is entitled to partial summary judgment on the claim for hedonic damages for Mrs. Tillman's life, which is pled, and for any claims for Mrs. Tillman's pain and suffering, disability, loss of enjoyment of life, and medical expenses that have been made through the discovery process.

DATED this 30th day of March, 2022.

RIVERTON MEMORIAL HOSPITAL, LLC,

Defendant

BY:    /s/Thomas W. Rumpke
       Thomas W. Rumpke, W.S.B. #6-2974
       Patrick J. Murphy, W.S.B. # 5-1779
       WILLIAMS, PORTER, DAY & NEVILLE, P.C.
       159 North Wolcott, Suite 400
       P.O. Box 10700

Casper, Wyoming 82602
(307) 265-0700 (Telephone)
(307) 266-2306 (Facsimile)
Email: pmurphy@wpdn.net
      trumpke@wpdn.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 30th day of March, 2022.

| | |
|---|---|
| Robert P. Schuster, WSB No. 4-1137<br>Bradley L. Booke, WSB No. 5-1676<br>ROBERT P. SCHUSTER, P.C.<br>P.O. Box 13160<br>Jackson, WY 83002<br>Ph.:  307-732-7800<br>Email:  bob@bobschuster.com<br>            brad@bobschuster.com | [   ]    U. S. Mail (prepaid)<br>[ x ]    CM/ECF Electronic Transmission<br>[   ]    Overnight Delivery<br>[   ]    Hand Delivery<br>[   ]    Electronic Mail |

/s/Thomas W. Rumpke
Thomas W. Rumpke