Robert P. Schuster
Wyoming Bar No. 4-1137
Bradley L. Booke
Wyoming Bar No. 5-1676
Adelaide P. Myers
ROBERT P. SCHUSTER, P.C.
P.O. Box 13160
Jackson, Wyoming 83002
Telephone: 1.307.732.7800
bob@bobschuster.com
brad@bobschuster.com
adelaide@bobschuster.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JUNE LOUISE TILLMAN AND CATHY ANN LUCAS, Co-Wrongful Death Representatives for ELAINE J. TILLMAN, Deceased.<br><br>Plaintiffs,<br><br>v.<br><br>RIVERTON MEMORIAL HOSPITAL, LLC.<br><br>Defendant. | Case Number 21-CV-138-NDF |

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

For their claims for relief against the defendant, Plaintiffs June Louise Tillman and Cathy Ann Lucas---by and through their counsel---state as follows.

### I.     PARTIES

1. June Louise Tillman and Cathy Ann Lucas are sisters, and the daughters of Elaine J. Tillman, deceased.  They are both citizens and residents of Fremont County, Wyoming.

2. Ms. Tillman and Ms. Lucas are the duly appointed Co-Wrongful Death Representatives for

proceedings relevant to the death of their mother, Elaine J. Tillman. An appointment action was commenced in the Ninth Judicial District Court in and for Fremont County, Wyoming, in accordance with the provisions of Section 1-38-103 *et seq*, W.S. 1977 as amended. Thereafter, Ms. Tillman and Ms. Lucas were appointed the Co-Wrongful Death Representatives by Order issued by the Honorable Jason M. Conder on June 2, 2021.

3. The statutory beneficiaries of Elaine J. Tillman under § 1-38-102 , W.S. 1977 as amended, are:

   a. June Louise Tillman is the natural child of Elaine J. Tillman, deceased. June Tillman is a resident of Fremont County, Wyoming. Her children are Stephanie Guffey and Benjamin Guffey---all residents of Fremont County, Wyoming.

   b. Cathy Ann Lucas is the natural child of Elaine J. Tillman, deceased. Cathy Lucas is a resident of Fremont County, Wyoming. Her children are Curtis Lucas, Jared Lucas, and Smoky Lucas---all residents of Fremont County, Wyoming.

   c. Kenneth SunGoes Slow, Jr., was the son of Elaine J. Tillman and the brother of June L. Tillman and Cathy A. Lucas. Mr. SunGoes Slow predeceased his mother, leaving two children Kenneth SunGoes Slow III and Kaylee SunGoes Slow who are residents of Fremont County, Wyoming.

   d. Carol Jean SunRhodes is Mrs. Tillman's sister. Carol Jean SunRhodes has a daughter, Camille Jimenez. Mrs. SunRhodes and Ms. Jimenez are residents of Fremont County, Wyoming.

   e. Patrick Deshaw is Mrs. Tillman's brother. Mr. Deshaw has no known children. Mr. Deshaw is a resident of Portland, Oregon.

  f. To the knowledge of June L. Tillman and Cathy A. Lucas, Elaine J. Tillman has no other heirs who would be proper claimants under W.S. 1-38-101 et seq.

4. Elaine J. Tillman was fatally injured in an attack on November 26, 2020 while she was a patient at SageWest Healthcare (Lander) ("the Hospital").  She was attacked by another Hospital patient whose dangerous and violent proclivities were known or should have been known by the defendant, Riverton Memorial Hospital, LLC ("the Tennessee owner").  She was life flighted to the University of Utah where she succumbed to the injuries on December 9, 2020.  At the time of her death, Mrs. Tillman was a citizen and resident of Fremont County, Wyoming.

5. SageWest Healthcare (Lander) is a trade name for a Hospital that is wholly owned and controlled by Riverton Memorial Hospital, LLC, a limited liability company formed in the State of Delaware.  Riverton Memorial Hospital, LLC, is a subsidiary of LifePoint Health, Inc., formerly LifePoint Hospitals, Inc. (the predecessor entity or former name of LifePoint Health, Inc.). LifePoint Health, Inc., is a Delaware corporation and it is not currently---nor was it at the time of the events relevant to this Complaint---authorized to conduct business operations in the state of Wyoming.  Upon information and belief, LifePoint Health, Inc., (LifePoint) owned, controlled, and operated Riverton Memorial Hospital, LLC (Riverton Memorial).  The chief executive officer of Riverton Memorial was selected by LifePoint; LifePoint selected the members of the Board of Trustees of Riverton Memorial and those trustees were terminable by LifePoint; the Hospital Support Center of LifePoint provided administrative control of Riverton Memorial. LifePoint also has conducted its operations through other subsidiary entities, including LifePoint Hospital Holdings, Inc., LifePoint RC, Inc., and LifePoint Holdings 3, Inc.  Plaintiffs reserve the right to amend this Complaint at a later date---based upon information to be learned during discovery in this case---to add LifePoint Health, Inc. as a defendant in this case.

## II.    JURISDICTION

6. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) in that there is complete diversity of citizenship.  Pursuant to 28 U.S.C. §1332(c)(2), the citizenship of a decedent controls the jurisdictional determination and, accordingly, the citizenship of Elaine J. Tillman was the State of Wyoming and the citizenship of Riverton Memorial Hospital, LLC, is either the State of Delaware or the State of Tennessee.

7. The matter in controversy is a wrongful death action and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in conformity with the provisions of 28 U.S.C. §1332(a).

## III.   VENUE

8. Venue of this action lies in this judicial district under 28 U.S.C. §1391(b)(2).

9. This case arises from a violent attack in Fremont County, Wyoming.

## IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Mrs. Tillman was a patient at SageWest Healthcare (Lander) on November 26, 2020---Thanksgiving Day as well as her birthday.

11. She was assigned to a room within the Emergency Department that was across the hall from a room the Hospital had assigned to a psychiatric patient who had a history of violence---Patrick Lee Rose.

12. It had been known for more than a year that SageWest Healthcare (Lander) had grossly insufficient supervision and monitoring of its psychiatric patients.  In spite of repeated complaints, Riverton Memorial Hospital, LLC (and its officers, directors, and employees) failed to spend the money required to assure patients' safety.

13. Mr. Rose---a big, burly man---was insufficiently restrained, insufficiently

monitored, and insufficiently supervised---and---in consequence---was able to leave his room, enter Mrs. Tillman's room, assault her, gouge out one of her eyes, and cause brain damage as a consequence of the traumatic assault and battery.

14. Mrs. Tillman was life flighted to the University of Utah where she died as a consequence of this tragedy on December 9, 2020. The autopsy listed the cause of death as "Homicide."

15. The defendant is liable for punitive and exemplary damages as a consequence of its reckless, willful, wanton, and misconduct. Punitive and exemplary damages should be assessed because of the grave misconduct of Riverton Memorial Hospital, LLC, and to deter it and others similarly situated from future similar misconduct that evidences reckless disregard for the safety and lives of Wyoming citizens.

## V. FIRST CLAIM FOR RELIEF: NEGLIGENCE

16. Plaintiffs hereby incorporate by reference all statements and allegations contained in paragraphs 1 through 15 herein.

17. Defendant Riverton Memorial Hospital, LLC, owed duties of reasonable care to its medical patients, including Mrs. Tillman in multiple respects, including the following:

   a. To fully and safely investigate, examine, and diagnose patients---and to take proper precautions, based upon such investigations, for patients with violent tendencies to protect the safety of other patients;

   b. To ensure that its personnel provide appropriate and safe care and treatment to its patients;

   c. To ensure a safe environment to protect the well-being of its patients.

18. The defendant breached its duties of care.

19. The death of Mrs. Tillman was proximately caused by the negligent and punitive misconduct of defendant.

20. The defendant's misconduct was reckless, willful, and wanton---and was in knowing and deliberate disregard of the safety of Mrs. Tillman, placing her at substantial risk of serious personal injury or death.

21. Defendant Riverton Memorial Hospital, LLC, (acting through its officers, directors, employees, and agents) was negligent in the care and treatment it provided to Mrs. Tillman, and such negligence, falling below the applicable standard of care, breached the duties of care it owed to Mrs. Tillman.  The officers, directors, employees, and agents of Riverton Memorial Hospital, LLC, negligently failed to comply with the standard of care required of physicians and healthcare providers under similar circumstances practicing in the same field or specialty as such standard of care existed at the time and place of the treatment provided to Mrs. Tillman.

22. As a proximate result of the negligent and punitive misconduct of Riverton Memorial Hospital, LLC, Mrs. Tillman was severely injured and died.  Accordingly, the Co-Wrongful Death Representatives of Elaine J. Tillman and those statutory beneficiaries entitled to assert claims for damages in this matter were damaged as is more specifically detailed in that section of this Complaint denominated as "Damages."

## VI. SECOND CLAIM FOR RELIEF: NEGLIGENT PLANNING, SUPERVISION, AND MONITORING

23. Plaintiffs hereby incorporate by reference all statements and allegations contained in paragraphs 1 through 22 herein.

24. Defendant Riverton Memorial Hospital, LLC, owed duties of reasonable care to its medical patients, including Mrs. Tillman in multiple respects, including the following:

a. To undertake those investigations to assure that appropriate and safe plans would be established and maintained for the protection of patients in the event the Hospital accepted patients from law enforcement agencies or other agencies or sources when those patients had known psychiatric disturbances and violent tendencies.

b. To establish and maintain appropriate and safe facilities within the Hospital for individuals accepted by the Hospital as patients with known psychiatric disturbances and violent tendencies so that those patients would be securely isolated for the protection of other patients in the Hospital.

c. To safely monitor and supervise individuals accepted by the Hospital as patients with known psychiatric disturbances and violent tendencies for the protection of other patients in the Hospital.

d. To ensure that its personnel provide appropriate and safe care and treatment to its patients;

e. To ensure a safe environment to protect the well-being of its patients.

25. The defendant breached its duties of care.

26. The death of Mrs. Tillman was proximately caused by the negligent and punitive misconduct of defendant.

27. The defendant's misconduct was reckless, willful, and wanton---and was in knowing and deliberate disregard of the safety of Mrs. Tillman, placing her at substantial risk of serious personal injury or death.

28. Defendant Riverton Memorial Hospital, LLC, (acting through its officers, directors, employees, and agents) was negligent in the care and treatment it provided to Mrs. Tillman, and such negligence, falling below the applicable standard of care, breached the duties of care it owed

to Mrs. Tillman. The officers, directors, employees, and agents of Riverton Memorial Hospital, LLC, negligently failed to comply with the standard of care required of physicians and healthcare providers under similar circumstances practicing in the same field or specialty as such standard of care existed at the time and place of the treatment provided to Mrs. Tillman.

29. As a proximate result of the negligent and punitive misconduct of Riverton Memorial Hospital, LLC, Mrs. Tillman was severely injured and died. Accordingly, the Co-Wrongful Death Representatives of Elaine J. Tillman and those statutory beneficiaries entitled to assert claims for damages in this matter were damaged as is more specifically detailed in that section of this Complaint denominated as "Damages."

## VII.   DAMAGES

30. Plaintiffs hereby incorporate all statements and allegations contained in paragraphs 1 through 29 above as if fully set forth herein.

31. As a direct and proximate result of the defendant's misconduct, Mrs. Tillman was killed. Accordingly, the Co-Wrongful Death Representatives of Elaine J. Tillman and those statutory beneficiaries entitled to assert claims for damages in this matter were damaged---damages for which the defendant is responsible. The following damages are entitled to be recovered in this matter:

    a. Loss of care, comfort, protection, companionship, association, advice, and society by the statutory beneficiaries in an amount to be proven at trial.

    b. Loss of emotional support by the statutory beneficiaries in an amount to be proven at trial.

    c. Loss of services by the statutory beneficiaries in an amount to be proven at trial.

    d. Punitive damages in an amount to be proven at trial.

  e. Exemplary damages in an amount to be proven at trial.

Wherefore, Plaintiffs June Louise Tillman and Cathy Ann Lucas (as Co-Wrongful Death Representatives), on behalf of all wrongful death beneficiaries, pray that the Court enter judgment against the defendant in an amount supported by the allegations of this Complaint, together with interest and costs thereon, and for such other and further relief as the Court deems just and equitable.

Dated: April 15, 2022.

            ROBERT P. SCHUSTER, P.C.

            By: _____
              Adelaide P. Myers
              Robert P. Schuster
              Bradley L. Booke
              Robert P. Schuster, P.C.
              250 Veronica Lane, Suite 204
              P.O. Box 13160
              Jackson, Wyoming 83002
              1.307.732.7800 (Telephone)
              1.307.732.7801 (Facsimile)
              bob@bobschuster.com
              brad@bobschuster.com
              adelaide@bobschuster.com

            *Attorneys for Plaintiffs*

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand that all issues regarding all claims for relief above be tried by a jury of eight (8) persons.

Dated:  April 15, 2022.

By: _____
Adelaide P. Myers

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2022, a true and correct copy of the foregoing was served in the manner indicated below:

| | |
|---|---|
| Patrick J. Murphy | [ ]  U.S. Mail, Postage Prepaid |
| Thomas W. Rumpke | [ ]  Express Mail |
| WILLIAMS, PORTER, DAY AND NEVILLE, P.C. | [ ]  Hand Delivery |
| P.O. Box 10700 | [ ]  Fax Transmission |
| 159 North Wolcott, Suite 400 | [ ]  Federal Express |
| Casper, Wyoming 82602 | [ ]  Email Transmission |
| pmurphy@wpdn.net | [X]  CM/ECF Electronic Transmission |
| trumpke@wpdn.net | |

*/s/ Robert P. Schuster*
Robert P. Schuster, P.C.